Docusign Envelope ID: D7525266-85BF-4703-9E61-89695C9A2120

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: ☐ FEPA ☒ EEOC

Agency(ies) Charge No(s):

Illinois Department of Human Rights and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. David Franck | [redacted] | [redacted] |

| Street Address | City, State and ZIP Code |
|---|---|
| [redacted] | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Fermi Research Alliance,LLC | +15 | 6308403000 |

| Street Address | City, State and ZIP Code |
|---|---|
| PO Box 500 Batavia,IL 60510 | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☒ RETALIATION ☒ AGE ☒ DISABILITY ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| March 2023 | October 2024 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Please see enclosed Addendum to Charge of Discrimination

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

12/18/2024 — Date

Signed by: David Franck — *Charging Party Signature*

NOTARY – *When necessary for State or Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**CHICAGO DISTRICT OFFICE**

| | | |
|---|---|---|
| **DAVID FRANCK,** | ) | |
| | ) | |
| **Complainant,** | ) | |
| | ) | |
| **vs.** | ) | **EEOC Charge No.: ____________** |
| | ) | |
| **FERMI RESEARCH ALLIANCE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ADDENDUM TO CHARGE OF DISCRIMINATION**

Complainant, DAVID FRANCK, complaining against Respondent FERMI RESEARCH ALLIANCE, and in doing so alleges, upon information and belief, except as to allegations particularly pertaining to himself, the following:

**I. ISSUE/BASIS: DISCRIMINATION/HARASSMENT/RETALIATION. Complainant was discriminated against, harassed, subjected to a hostile work environment and retaliated against by Respondent in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 *et. seq.* as amended, the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.* (the "ADA"), and the Illinois Human Rights Act, 775 ILCS 5/2-101 *et. seq.*, in a continuous manner from March 2023 to his unlawful, retaliatory termination on or around October 11, 2024. Complainant further contends that he was retaliated against for filing a previous charge of discrimination against Respondent (440-2022-09329).**

A. Complainant is a 52-year-old male.

B. Complainant was hired by Respondent in or around August 24, 2009. Complainant's most recent position held was "Operations Specialist".

C. At all relevant times herein, Complainant's direct supervisor was Daniel Broemmelsiek (through September 1, 2023); thereafter, Aleksander Romanov became Complainant's supervisor through his unlawful termination on or around October 11, 2024.

D. At all relevant times herein, Complainant was a qualified, competent, and dedicated employee of Respondent.

E. Complainant performed all his job duties/responsibilities in a manner that met or exceeded Respondent's legitimate business expectations.

F. Complainant is a qualified individual with a disability under the ADA and IHRA and/or perceived as disabled by Respondent. At all relevant times herein, Complainant was qualified, competent, and capable of performing all of the essential functions of his position with or without reasonable accommodation.

G. Complainant filed a charge of discrimination, pro se, with the EEOC on or around February 13, 2023 (Charge No. 440-2022-09329). See *Exhibit A*.

H. The EEOC subsequently issues a Notice of Right to Sue on or around April 29, 2024.

I. Complainant was terminated on or around October 11, 2024, just four and a half months after he received his notice of right to sue, two and a half months after being approved for intermittent FMLA leave and approximately four weeks after inquiring about the reasonable accommodation request policy.

J. Complainant contends that he was retaliated against in the following manners since filing his charge in or around 2023:

1. Complainant was excluded from vendor exhibits/functions and informative discussions critical to his job;
2. Denied bonuses/bonus opportunities;
3. Denied promotions and/or opportunities to apply for internal promotions;
4. False information was submitted on his performance review;
5. Was subjected to ongoing verbal harassment from management;
6. Was denied opportunities for additional manpower/assistance on certain projects;
7. Was subjected to unnecessary delays and project inquiries by management, which paused progress on certain projects;
8. Was subjected to increased scrutiny specifically with respect to timekeeping practices;
    i. Other employees would leave work for an hour and a half lunch periods and were not reprimanded and/or terminated.
9. HR went above and beyond to watch video of Complainant arriving and leaving work; and
10. Was terminated for "timekeeping discrepancies" despite other employees engaging in the same practice and not being terminated or otherwise disciplined.
    i. Complainant's manager explicitly told Complainant how he wanted Complainant's timesheets submitted and why.
    ii. Complainant completed and submitted his timesheets as he was instructed.
    iii. Complainant's manager always approved the timesheets

Complainant submitted. Complainant's manager did not have any problem with Complainant's timekeeping until after Complainant requested accommodations and took FMLA days for his own serious medical condition.

iv. Upon information and belief, HR made a concerted effort to target Complainant in retaliation for voicing various health and safety concerns and for filing a previous charge of discrimination. Specifically, HR took issue with Complainant's timesheets/timekeeping, which his manager approved and which had never been an issue prior to the EEOC filing and subsequent dismissal.

K. In or around July 2024, Complainant made a renewed request for intermittent FMLA leave for his own serious health condition (disability). His claim was approved by MetLife effective July 30, 2024 through December 2024.

1. Complainant used FMLA time in or around the end of August 2024 and was subsequently harassed by the HR representative who demanded medical certification for certain days despite Complainant already being granted leave through MetLife.[1]

L. Complainant spoke to HR on or around September 2024 to inquire about the accommodation request policy/procedure.

M. Thereafter, Complainant was suspended without pay pending an investigation into alleged "timekeeping discrepancies".

N. Then, on or around October 18, 2024, Complainant received a copy of a memorandum dated October 11, 2024 indicating that Complainant was terminated. See *Exhibit B*.

O. Upon information and belief, since Complainant's unlawful, retaliatory termination, Respondent has terminated scores of employees, many of which are over 40. Complainant believes that a shift in management has caused long-term employees and employees over 40 to be terminated.

P. Respondent did not apply its own progressive disciplinary policy to Complainant. Complainant did not receive any write-up, warning or Performance Plan. Rather, he was terminated in violation of Respondent's own written progressive disciplinary policy.

---

[1] Complainant is aware that FMLA claims are outside the purview of the EEOC. The inclusion of facts relating to Complainant's FMLA claims are included here for context. Complainant acknowledges and understands that the EEOC will not investigate claims related to the FMLA.

Q. There is no legitimate, non-discriminatory/non-retaliatory basis for discriminating against Complainant. Complainant is qualified and has always performed all of his job duties and responsibilities in a manner which met or exceeded Respondent's legitimate business expectations.

R. Respondent is aware that the illegal and discriminatory actions described herein violate state and federal law. Respondent knowingly and intentionally violated state and federal law.

S. Complainant has suffered, and continues to suffer, severe injury and damages as a direct and proximate result of Respondent's discrimination on the basis of Complainant's age (over 40), disability and retaliation for filing an EEOC charge of discrimination.

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | 440-2022-09329 |

**Illinois Department Of Human Rights** and EEOC

*State or local Agency, if any*

| I Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)* | Home Phone | Year of Birth |
|---|---|---|
| Mr. David Franck | [redacted] | |

Street Address

[redacted]

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No Employees, Members | Phone No. |
|---|---|---|
| FERMI RESEARCH ALLIANCE, LLC | 501+ Employees | |

Street Address

PO BOX 500

BATAVIA, IL 60510

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Disability, Retaliation | 04/19/2022 | 02/13/2023 |
| | Continuing Action | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I began my employment with Respondent in or around August 2009. My most recent position is Operation Specialist. During my employment I was injured on the job and harassed. Respondent is aware of my disability. Subsequently, I have been subjected to different terms and conditions of employment, including, but not limited to, inaccurate performance reviews, less benefits, not being promoted, a less than average merit increase, and the ability to not relocate on the job.

I believe I have been discriminated against because of my disability, and in retaliation for engaging in protected activity in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Mr. David Franck**<br>**02/13/2023**<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT B

Fermilab

Fermi National Accelerator Laboratory

# Memorandum

**Date:** October 11, 2024
**To:** David Franck
**From:** Aleksandr Romanov, Head of FAST Facility Department
**CC:** Alexander Valishev, Velma Gordon, Jonathan Jarvis, Chris Lawrence
**Subject:** Termination of Employment

This memorandum is to notify you that Fermi Research Alliance, LLC (FRA) (the manager and operator of Fermi National Accelerator Laboratory – "Fermilab" – under Contract No. DE-AC02-07CH11359 with the United States Department of Energy) is terminating your employment as an Operations Specialist, effective Friday, October 11, 2024. The employment termination is made under FRA's policy on Progressive Discipline for Employees and the employment at will doctrine, which allows the organization to terminate an employee for any reason, at any time, with or without cause and with or without notice.

Our investigation regarding your online timecard entries for the weeks of, July 8, 2024 through October 4, 2024, revealed numerous inconsistencies that do not accurately reflect the time that you worked, including hours for which you were not present at the Laboratory or not actively working. When asked to provide an explanation for such inconsistencies during the investigation, you were unable to do so. FRA is terminating your employment based on such misrepresentation of hours worked which are counter to the Time & Labor System - Exempt Employees /Time Reporting for Nonexempt Employees policy.

All benefits will terminate as of midnight on October 11, 2024. You will receive information via US mail from Inspira, FRA's COBRA administration vendor, regarding options for electing continuation of health coverage under COBRA. Please contact the Benefits office at benefitsoffice@fnal.gov if you have questions about COBRA or other benefits.

You are required to return all government property including your I.D. badge, dosimetry badge, laptop, cell phone or any other equipment.

Please note that your onsite and computing access to the Fermi National Accelerator Laboratory site has been suspended and you are no longer authorized to come onto Laboratory property.

I acknowledge receipt of this memorandum.

____________________ ____________

Signature Date